UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAMMY R. SMITH, | ) | 1:CV-00-1105 |
|     Defendant, | ) | |
| | ) | |
| and | ) | (Judge Kane) |
| | ) | |
| HURLEY'S SUPER MARKETS, INC., | ) | |
|     Garnishee. | ) | |

FILED
SCRANTON
NOV 12 2002
PER _____
DEPUTY CLERK

### ANSWER OF THE GARNISHEE

_____, being duly sworn, deposes and says:
  (Affiant)

If Garnishee is an Individual:

  That he/she is Garnishee herein doing business in the name of

_____.
  (State full name and address of business)

If Garnishee is a Partnership:

  That he/she is a member of a partnership composed of which Garnishee is a partner.

If Garnishee is a Corporation:

  That he/she is the (Official Title) _Robert Hurley Pres_ of Garnishee, _Hurley's Supemarkets_ a corporation, organized under the laws of the State of _PA._.

  On ___NOV 4___, 2002, Garnishee was served with a Writ of Continuing Garnishment. For the pay period in effect on that date:

Yes    No

✓    ___    1.    Defendant was in my/our employ.

                2.    Pay period is _✓_ weekly, ___ bi-weekly ___ semi-monthly, ___ monthly.

_11-8-02_    Enter date present pay period began.
            (Present means the pay period in which this order and notice of garnishment were served)

_11-14-02_    Enter date above pay period ends.

3. Enter amount of net wages. Calculate below:
    YTD
(a) Gross Pay                     $ 3095.93
(b) Federal income tax       $ 63.42
(c) F.I.C.A. income tax      $ 204.35
(d) State income tax         $ 92.98
Total of tax withholdings OTHERS $ 90.04 LOCAL
Net Wages                    $ 2845.14
(a less total of b,c,d)

____    ✓    4. Have there been previous garnishments in effect? If the answers is yes, describe below.

_____

_____

_____

5. The Garnishee has custody, control or possession of the following property (non-earnings), in which the Debtor maintains an interest, as described below:

| Description of Property | Approximate Value | Description of Debtor's Interest in Property |
|---|---|---|
| 1. _____ | _____ | _____ |
| 2. _____ | _____ | _____ |
| 3. _____ | _____ | _____ |
| 4. _____ | _____ | _____ |

Garnishee anticipates owing to the judgment-debtor in the future, the following amounts:

| Amount | Estimate date or Period Due |
|---|---|
| 1. $_____ | _____ |
| 2. $_____ | _____ |
| 3. $_____ | _____ |
| 4. $_____ | _____ |

(Check the applicable line below if you deny that you hold property subject to this order of garnishment.)

_____ [The Garnishee makes the following claim of exemption on the part of Defendant:]

____   ·[Or has the following objections, defenses, or set-offs to Plaintiff's right to apply Garnishee's indebtedness to Defendant upon Plaintiff's claim:]

____   [The Garnishee was then in no manner and upon no account indebted or under liability to the Defendant, and that the Garnishee did not have in his/her possession or control any property belonging to the Defendant, or in which the Garnishee has an interest; and is in no manner liable as Garnishee in this action.]

The Garnishee mailed a copy of this answer by first-class mail to (1) the Debtor, _____ at _____ _____ and to (2) J. JUSTIN BLEWITT, JR., Assistant U.S. Attorney, P.O. Box 309, Scranton, Pa 18501.

_____
Garnishee

Subscribed and sworn to before me this
__8__ day of _November_, 2002.

_____
Notary Public
(Seal)

My Commission expires: 

Notarial Seal
P. Dean Homer, Notary Public
Dushore Boro, Sullivan County
My Commission Expires Apr. 11, 2005
Member, Pennsylvania Association of Notaries

**ATTACHMENT TO ANSWER OF GARNISHEE**

The Original Answer must be mailed to:

    Clerk, United States District Court
    1st Floor,Wm. J. Nealon Federal Building
        Scranton, PA  18501

and a copy of this Answer to:

    THOMAS A. MARINO
    United States Attorney
    J. JUSTIN BLEWITT, JR.
    Assistant U.S. Attorney
    P.O. Box 309
    Scranton, Pa  18501

# CLAIM FOR EXEMPTION FORM
## MAJOR EXEMPTIONS UNDER FEDERAL LAW

I claim that the exemption(s) from garnishment which are checked below apply in this case:

___ 1.  Social Security benefits and Supplemental Security income (42 U.S.C. § 407).

___ 2.  Veterans' benefits (38 U.S.C. § 3101).

___ 2a. Members of armed services (10 U.S.C. § 1440, 38 U.S.C. § 562).

___ 3.  Federal civil service retirement benefits (5 U.S.C. § 8346 and 22 U.S.C. § 4060(c)).

___ 4.  Annuities to survivors of federal judges (28 U.S.C. § 376(n)).

___ 5.  Longshoremen and Harborworkers Compensation Act (33 U.S.C. § 916).

___ 6.  Black lung benefits (30 U.S.C. §§ 931(b)(2)(F) and 932(a)).

___ 6a. Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C.A. §§ 1108-1109(a-c)).

Exemptions listed under 1 through 6 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

___ 6b. Railroad retirement, pension, unemployment benefits (45 U.S.C. §§ 231(m), 352(e).

___ 7.  Bankruptcy Code (Title 11, United States Code) which generally provides exemptions for:

    (a)___ $17,425 in equity in a residence.

    (b)___ $2,775 in equity in a motor vehicle.

    (c)___ $1,150 in jewelry.

    (d)___ $9,300 in personal property.
    (However, no single item worth more than $450 can be claimed as exempt)

    (e)___ Property totaling up to $925 in value, plus up to $8,725 of any unused amount of the exemption provided in number 11(a) above.

    (f)___ $1,750 in equity in any implements, professional books, or tools of your trade your dependent's trade.

    (g)___ Any unmatured life insurance contact you own, other than credit life insurance.

    (h)___ The aggregate value, up to $9,300.00, of any accrued dividend or interest under, or loan value of, any unmatured life insurance contract you own, but only if you are the insured or you are a dependant of the insured.

    (i) Professionally prescribed health aids for you or your dependents

(j)___ Unemployment compensation benefits, local public assistance benefits, disability benefits, illness benefits; and alimony, support, and separate maintenance, to the extent these items are reasonably necessary for your support or the support of your dependants.

(k)___ A payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for your support or the support of your dependants, subject to the limitations set forth at Title 11 United States Code Section 522(d)(10)(E)(i)-(iii).

(l)___ Your right to receive, or property that is traceable to,
- an award under a crime victim's reparation law;

- a payment on account of the wrongful death of an individual of whom you were a dependant, but only to the extent reasonably necessary for your support or the support of your dependants;

- a payment under a life insurance contract that insured an individual of whom you were a dependant on the date of the insured's death, but only to the extent reasonably necessary for your support or the support of your dependants;

- a payment, not to exceed $17,425, on account of personal bodily injury suffered by you or by an individual of whom you are a dependant; however, payment for pain and suffering or payment to compensate actual pecuniary loss are not exempt under this paragraph;

- a payment in compensation of loss of your future earnings or the future earnings of an individual of whom you are, or were, a dependant, but only to the extent reasonably necessary for your support or the support of your dependants.

___ 8. Compensation for war risk hazards (42 U.S.C. § 1717).

## MAJOR EXEMPTIONS UNDER STATE LAW

**NOTE:** The law of the state where you have been domiciled for at least 180 days governs your rights.

**NOTE:** If you have selected the Bankruptcy Code exemptions (line 7 above), you may <u>not</u> also claim the state law exemptions listed below.

### Fair market value

___ 9. Personal Property    ___
(42 Pa. Cons. Stat, Ann.
§§ 8123, 8124, 8125 and 8127).

___ 10. Partnership Property (15 Pa. Cons.    ___
Stat. Ann. §§8341, 8342

___ 11. Workers' Compensation (42 Pa. Cons.    ___
Stat. An. §8124 (c)(2))

___ 12. Unemployment Compensation (43 Pa.    ___
Stat. Ann. §863)

___ 13. Veterans' Benefits (51 Pa. Cons. Stat. Ann. §§20012 and 20098)    ___

___ 14. Insurance (42 Pa. Cons. Stat. Ann. §8124 (c))    ___

___ 15. Pensions and Retirement Benefits (42 Pa. Cons. Stat. Ann. §8124; 71 Pa. Cons. Stat. Ann. §5953 and provisions cited in note thereafter)    ___

___ 16. Crime Victims' Compensation 71 Pa. Cons. Stat. Ann. §180-7.10)    ___

___ 17. Fraternal Benefit Society Benefits (40 Pa. Stat. Ann., §1141-305;    ___

The statements made in this claim of settlement to exemptions and request for hearing as to exemption entitlement and fair market value of the property designated are made and declared under penalty of perjury that they are true and correct. I hereby request a court hearing to decide the validity of my claims. Notice of the hearing should be given to me by mail at:

(_____) or telephonically at (_____)
Address                                                                                                Phone no.

_____    _____
Signature of debtor                Date

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br><br> v. <br><br> TAMMY R. SMITH, <br>     Defendant, <br><br> HURLEY'S SUPER MARKETS, INC., <br>     Garnishee. | 1:CV-00-1105 <br><br> (Judge Kane) <br><br><br> WRIT OF CONTINUING GARNISHMENT |

FILED
SCRANTON
SEP 19 2002
PER _____
DEPUTY CLERK

Greetings to: <u>HURLEY'S SUPER MARKETS, INC.</u>

 An application for a Writ of Garnishment against the property of Tammy R. Smith, Defendant, has been filed with this Court. A judgment has been entered against the above-named defendant in the amount of , plus costs and interest.

 You are required by law to answer in writing, under oath, within ten (10) days, whether or not you have in your custody, control or possession, any property owned by the debtor, including non-exempt, disposable earnings.

 Please state whether or not you anticipate paying the debtor any future payments and whether such payments are weekly, bi-weekly or monthly.

 You must file the original written answer to this writ within ten (10) days of your receipt of this writ with the Clerk, United States District Court, 1st Floor, Wm. J. Nealon Federal Building, Scranton, PA 18503. Additionally, you are required by law to serve a copy of this writ upon the debtor and upon the United States Attorney, P.O. Box 309, Scranton, Pa 18501.

 Under the law, there is property which is exempt from this writ of Garnishment. Property which is exempt and which is not subject to this order is listed on the attached Claim for Exemption form.

 Pursuant to 15 U.S.C. §1674, Garnishee is prohibited from discharging the defendant from employment by reason of the fact that his earnings have been subject to garnishment.

 If you fail to answer this writ or withhold property in accordance with this writ, the United States of America may petition the Court for an order requiring you to appear before the Court. If you fail to appear or do appear and fail to show good cause why you failed to comply with this writ, the Court may enter a judgment against you for the value of the debtor's non-exempt property. It is unlawful to pay or deliver to the defendant any item attached by this writ.

                  By: _____ Deputy Clerk
                     MARY E. D'ANDREA, CLERK
                     U.S. District Court

TO:   Hurley's Super Markets, Inc.
      387 York Avenue
      Towanda, PA 18848

## INSTRUCTIONS TO THE GARNISHEE

Attached is a Writ of Garnishment requesting that you determine whether or not you have in your possession, custody or control any of the property of the debtor listed therein, or any other property of the debtor's. Title 28, United States Code, Section 3205(c)(E) requires that you file a written Answer to this writ, within 10 days of receipt, with the Court and serve a copy of the Answer upon the debtor and counsel for the United States of America. You are further required to withhold and retain any property in which the debtor has a substantial non-exempt interest.

1. **AMOUNT GARNISHED**. The principal amount, rate of interest, starting date of interest and costs are set out in the Writ of Garnishment served upon you. The amount garnished consists of all of these.

2. **AMOUNT WITHHELD**. Under federal law, 15 U.S.C. Section 1673(a), you should withhold each pay period:

    (a) 25% of disposable earnings each week, or
    (b) the amount by which disposable earnings for the week exceeds thirty times the federal minimum hourly wage, whichever is less.

3. **DISPOSABLE EARNINGS"** means that part of earning remaining after deduction of any amount required by law to be withheld (such as the amount of deductions for social security taxes and withholding taxes, but not court ordered alimony and child support payments which must be included in "disposable earnings"). 15 U.S.C. Section 1671(b); First National Bank v. Hasty, 415 F. Supp. 170 (E.D. Mich, 1976), affirmed 573 F.2d 1310 (6th Cir.1977).

4. **DISBURSEMENT OF WITHHELD AMOUNTS.** Each pay period, amounts withheld should be remitted to:

    U.S. Attorney's Office
    Financial Litigation Unit
    Middle District of Pennsylvania
    Post Office Box 309
    Scranton, PA  18501

Your check to money order should be made payable to "U.S. Department of Justice." Indicate on each remittance the name of the debtor so that proper credit will be given.

IF YOU FAIL TO ANSWER THIS WRIT OR TO WITHHOLD PROPERTY IN ACCORDANCE WITH THE WRIT, THE COURT MAY MAKE YOU LIABLE FOR THAT AMOUNT OF THE DEBTOR'S NON-EXEMPT PROPERTY WHICH YOU FAILED TO WITHHOLD. ADDITIONALLY, YOU MAY BE HELD LIABLE FOR REASONABLE ATTORNEY'S FEE TO THE UNITED STATES AMERICA IF THE UNITED STATES FILES A PETITION TO THE COURT REQUESTING AN EXPLANATION FOR YOUR FAILURE TO COMPLY WITH THIS WRIT.

If you have any additional questions, please call Carroll Terruso, Paralegal Specialist at telephone number (570)-348-2800 or write to: United States Attorney's Office, Financial Litigation Unit, Post Office Box 309, Scranton, PA 18501.