THOMAS A. MARINO
United States Attorney
G. MICHAEL THIEL
Assistant U.S. Attorney
Wm. J. Nealon Federal Building
Washington & Linden
Scranton, PA  18501
Phone:  (570)348-2800

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>          Plaintiff,           )<br>                                 )<br>   Vs.                           )<br>                                 )<br>                                 )<br>TAMMY R. SMITH,                  )<br>          Defendant.             ) | 1:CV-00-1105 |

**MEMORANDUM IN SUPPORT OF MOTION**
**TO COMPEL ANSWERS TO INTERROGATORIES**

Rule 33 of the Federal Rules of Civil Procedure provides, in part, as follows:

(a)  Any party may serve upon any other party written interrogatories to be answered by the party served or,...who shall furnish such information as is available to the party.  Interrogatories may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.

Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer.  The answers are to be signed by the person making them and the objections are to be signed by the attorney making them.  The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if

any, within thirty (30) days after the service of the

interrogatories, except that a defendant may serve answers or objections within forty-five (45) days after service of the summons and complaint upon that defendant. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

Rule 37(a)(2) of the Federal Rules of Civil Procedure provides, in part, as follows:

A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

(2) If...a party fails to answer an interrogatory submitted under Rule 33,... the discovering party may move for an order compelling an answer...

Failure to answer or object to interrogatories within the time fixed by Rule 33, acts as a waiver of any objection to the interrogatories. <u>Wright and Miller</u>, Federal Practice and Procedure: Civil Section 2173, Volume 8, Page 544.

Since the Defendant has not answered or objected to any of the Plaintiff's interrogatories, the Court has no alternative but to grant the motion. <u>Cephas v. Busch</u>, 47 F.R.D. 371 at 373 (E.D. Pa., 1969); <u>Davis v. Romney</u>, 53 F.R.D. 247 (E.D. Pa., 1971). Each interrogatory must be answered <u>fully and completely</u> or objected thereto. It is not the province of a party to decide which interrogatory will be answered in full, or in part. His remedy to question an interrogatory is by making a timely objec-

tion.  None having been made, each interrogatory must now be answered in full.  <u>Wright and Miller</u>, Federal Practice and Procedure:

Civil Section 2173, Page 544.

The Plaintiff's request is moderate and well founded by the rules.  No request for sanctions or costs is made at this time.  Therefore, the motion is reasonable and should be granted.

**WHEREFORE**, Plaintiff respectfully moves your Honorable Court for an Order under Rule 37(a) of the Federal Rules of Civil Procedure requiring Defendant, TAMMY R. SMITH to answer all the interrogatories propounded by Plaintiff within thirty (30) days of the date of service of the Order.

DATE:  August 30, 2007

                                      Respectfully submitted,

                                      THOMAS A. MARINO
                                      United States Attorney

                                      By <u>/S MICHAEL THIEL</u>
                                        G. MICHAEL THIEL,
                                        Assistant U.S. Attorney

                                        Karen M. Musloski
                                        Paralegal Specialist